**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000831**
**20-AUG-2024**
**08:33 AM**
**Dkt. 181 ORD**

NO. CAAP-17-0000831


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TITLE GUARANTY ESCROW SERVICES, INC., Plaintiff-Appellee/
Cross-Appellee v. MILILANI TOWN ASSOCIATION, Defendant/Cross-
Claim Plaintiff/Cross-Claim Defendant-Appellee/Cross-Appellant,
and SVMM INVESTMENTS LLC, Defendant/Cross-Claim Defendant/
Cross-Claim Plaintiff-Appellee/Cross-Appellee, and
ALVIN K. ISAACS, as Successor Personal Representative of the
Estate of Pauline Isaacs-Lean, Defendant/Cross-Claim Defendant-
Appellant/Cross-Appellee, and FIRST HAWAIIAN BANK,
Defendant/Cross-Claim Defendant-Appellee/Cross-Appellee, and
DOE PERSONS AND ENTITIES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1750)


ORDER
(By: McCullen, J.)

Upon consideration of the Defendant/Cross-Claim

Plaintiff/Cross-Claim Defendant-Appellee/Cross-Appellant

**Mililani Town Association**'s "Notice of Disaffiliation

and Withdrawal of Counsel (Kenny Y.H. **Baik**) and Appearance

of Counsel (Reginald K.T. **Yee**)," filed August 15, 2024, by Yee, which the court construes as a motion to withdraw as counsel, under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 50(a), the papers in support, and the record, it appears that:

(1) Mililani Town Association is represented in this appeal by the law firm of Ekimoto & Morris, LLLC;

(2) Baik "has been disaffiliated from the law firm of Ekimoto & Morris, LLLC, and withdraws from representing" Mililani Town Association;

(3) Yee of Ekimoto & Morris enter "their appearance as counsel of record" for Mililani Town Association;

(4) HRAP Rule 50(a) provides with respect to withdrawal, that an attorney moving to withdraw as counsel of record "must show that notice of the motion was given by service upon the attorney's client."  HRAP Rule 50(a); and

(5) The Notice of Disaffiliation and Withdrawal does not specify whether the client was informed of the withdrawal of counsel.  Nonetheless, the court will allow Baik to withdraw, but require Yee to demonstrate service of the Notice of Withdrawal and Disaffiliation upon the client.

Therefore, IT IS ORDERED that the August 15, 2024 Notice of Withdrawal and Disaffiliation, construed as a motion to withdraw as counsel, is granted.  Within ten days from the date of this order, Yee shall file a declaration, affidavit, or

2

certificate of service indicating the Notice of Withdrawal and Disaffiliation was provided to the client, or that the client was otherwise informed of Baik's withdrawal.

IT IS FURTHER ORDERED that the appellate clerk shall end Baik as a party to this appeal in the Judiciary Information Management System.

DATED:  Honolulu, Hawaiʻi, August 20, 2024.

/s/ Sonja M.P. McCullen
Associate Judge